Grega v. Pallito, No. 587-11-10 Wmcv (Wesley, J., Sept. 2, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT
### SUPERIOR COURT

| | |
|---|---|
| **JOHN C. GREGA**<br>  **Plaintiff**<br><br>  **v.**<br><br>**Andrew Pallito, Vermont Commissioner**<br>**Of Corrections**<br>  **Defendant** | **WINDHAM UNIT, CIVIL DIVISION**<br>**Docket No. 587-11-10 Wmcv** |

## ORDER DENYING PETITIONER'S
## REQUEST FOR ATTORNEY'S FEES

In connection with his petition for DNA testing pursuant to 13 V.S.A.§ 5561 et seq., to which the State has partially assented, and which is the subject of modest additional relief beyond the scope of the stipulation as set forth in a separate order issued contemporaneously, Petitioner claims the right to attorneys fees pursuant to 13 V.S.A.§ 5562. By his motion for reimbursement of fees and costs, Petitioner seeks a total of $10,139.79, including expert witness fees for testimony at trial in the amount of $2,100, together with attorneys fees billed at $215 per hour for 34.5 hours of time expended "since private funding has run out". By his motion, Petitioner represents that "counsel for Petitioner has discussed this matter with the State, and the State has kindly offered its consent." Notwithstanding this representation, the Court concludes that Petitioner has established no basis for any award of fees.

Under the Innocence Act, a petitioner who "is unable financially to employ counsel" may seek the appointment of counsel pursuant to 13 V.S.A.§ 5562. Upon granting such an application, the Court "may order that all necessary costs and expenses incident to the matter, including but not limited to court costs, stenographic services, printing, and reasonable compensation for legal services, be paid by the state from the appropriation to the defender general."

Petitioner's motion for the award of fees in reliance on Sec. 5562 is problematic in several respects. However, at the most fundamental level, it must be denied because Petitioner has never sought appointment of counsel, nor has the Court ever made an assignment recognizing Petitioner's attorney, Ian P. Carleton, Esq. of Sheehey Furlong & Behm, P.C. as assigned counsel. Rather, Atty. Carleton entered his appearance by signing the petition when he filed it on Nov. 8, 2010. The petition recites no request for the appointment of counsel, and none has since been presented. Indeed, Atty. Carleton's motion acknowledges that he was privately retained by the Grega family. He offers "by way of background" the explanation that we was appointed to represent Petitioner in July 2004 under the federal Criminal Justice Act to pursue a federal claim for habeas corpus. After funds available to pursue a federal appeal had run out, Atty. Carleton "performed tens of thousands of dollars worth of uncompensated legal work on Mr. Grega's behalf." Then, in connection with the instant petition, Atty. Carleton "received

some limited initial compensation from the Grega family, however those funds were depleted well before the briefing was complete, and long before the August 4, 2011 hearing."

Petitioner offers no argument or authority explaining why the Court has the authority under Sec. 5562 to make a retroactive assignment, and a significant award of attorneys fees, under the circumstances just described. Indeed, the Court harbors profound skepticism that 13 V.S.A.§ 5562 contemplates unbridled judicial discretion to invade the budget of the defender general in the fashion that would be required to grant the fees Petitioner seeks. Rather, since Sec. 5562 is virtually identical to the language of 13 V.S.A.§ 7137, the long-standing authority for the assignment of counsel generally with regard to post-conviction relief, the Court must assume that the Legislature contemplated that assignments under the Innocence Act would be made in close cooperation with the Defender General, as has been the pattern for years with respect to making assignments in connection with PCR petitions. See, A.O. No. 4; *In re Bailey*, 2009 VT 122 (no assignment should occur until needy person establishes statutory right to counsel, and court appoints alternate counsel only if public defender unable due to conflict of interest to provide representation).

Indeed, Petitioner's motion entirely disregards A.O. No. 4, governing the assignment of counsel and payment therefor by the Defender General. As provided in § 4 of A.O. No. 4, "[w]hen the court is required to assign counsel a person shall not have the right to select the attorney to be assigned. Such selection shall be the exclusive responsibility of the court concerned". Moreover, as provided in § 3, upon a determination that a person with the right to assignment of counsel is eligible, which requires a determination of financial need supported by an application and disclosure of financial resources as provided by § 5, the courts must first make an assignment to the public defender. Where the public defender has a conflict, the court must determine whether "the Defender General has entered into a contract with an attorney or law firm to provide assigned counsel services", in which case the courts are bound to honor such contracts unless "the court for good cause determines the need for a replacement attorney in lieu of the public defender."

Plainly, A.O. No. 4 is intended to provide an orderly process for making assignments of counsel. In this regard, the administrative order also recognizes that the Defender General has the primary responsibility for hiring and contracting with attorneys designated to assume assigned counsel responsibility, which may only be overriden for good cause. Given that the Defender General is responsible to the Legislature for his agency's budget, this required coordination between the branches of government is entirely sensible. It would be undermined conspicuously by ad hoc and post hoc assignments of the type contemplated by the current motion.[1]

---

[1] The Court is troubled by the presumption of the Attorney General's office that it ought to offer no opposition to Petitioner's request for fees. Making the minimal inference from Petitioner's representation, the State might simply have been content to leave the issue to the Court's discretion. On the other hand, since the Defender General's office is also a state agency, the Attorney General's office might have given some attention to the possible adverse effect on that agency's budget portended by its acquiescence, particularly since the fee request was irregular in almost every respect.

WHEREFORE it is hereby ORDERED: Petitioner's motion for attorneys fees is DENIED.

Dated at Newfane, Vt this        day of September, 2011

_____
John P. Wesley
Superior Judge